# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER,

*Plaintiff,*

vs.

Case No. 12-1345-EFM-KMH

INTRUST BANK, et al.,

*Defendants.*

## MEMORANDUM AND ORDER

On September 13, 2012, Defendants Intrust Bank, C.Q. Chandler, Roger W. Lemon, and Intrust Financial Corporation (all Kansas citizens) removed this action from Sedgwick County District Court, on the basis of diversity jurisdiction. On September 20, 2012, Defendants filed a Motion to Dismiss (Doc. 5) asserting that the Court should dismiss the 2012 state action because it was an impermissible collateral attack on the Court's Orders in Case No. 10-1012.[1] On October 12, 2012, pro se Plaintiff Kristofer Thomas Kastner filed a response to Defendants' Motion to Dismiss (Doc. 12). Plaintiff also designated this document as a Motion to Remand

---

[1] Case No. 10-1012, *Kastner v. Intrust Bank, et al.*, has been ongoing for several years in this Court. The Court recently issued its opinion granting Defendants' Motion for Summary Judgment on Plaintiff's remaining claim.

under 28 U.S.C. § 1447(c) and asserted that the Court did not have jurisdiction and should remand the case to state court.[2]

A civil case filed in state court is only removable if that action could have originally been brought in federal court.[3] Under 28 U.S.C. § 1441(b), an action removed on the basis of diversity is only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "Removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought."[4]

In this case, all Defendants are Kansas citizens, and Defendants contend that the basis for their removal is diversity.[5] Pursuant to § 1441(b), because all Defendants are citizens of Kansas, this case is not properly removable. Thus, the Court must grant Plaintiff's Motion to Remand (Doc. 12) and deny Defendants' Motion to Dismiss (Doc. 5).[6]

---

[2] Plaintiff did not designate this document as a motion in CM/ECF, and thus it was not flagged as a pending motion. When the Court opened the document, however, the Court realized that the document was also entitled a Motion to Remand. Plaintiff also asserted throughout the document that the Court should remand the case to state court. Upon realizing that the responsive document was also a motion, the clerk's office redesignated the document as a pending motion.

[3] 28 U.S.C. § 1332(a).

[4] *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006).

[5] Defendants also contend that, in the alternative, the Court has supplemental jurisdiction over the state declaratory judgment action. Original jurisdiction, however, must exist before the Court could assert supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). The Court does not have original jurisdiction over the state case.

[6] Defendants will have to present their reasons for dismissal to the state court.

**IT IS ACCORDINGLY ORDERED** this 25th day of September, 2013, that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 5) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 15) is **GRANTED**. This case is remanded to the Sedgwick County District Court.

**IT IS SO ORDERED**.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE